**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND SCOTT ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:22-cv-166-MTS |
| | ) | |
| THE PROCTER & GAMBLE U.S. BUSINESS SERVICES CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss, Doc. [8], Plaintiff's Petition, Doc. [5], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies in part and grants in part Defendants' Motion.

## I. BACKGROUND[1]

This case concerns claims by Plaintiff Raymond Scott Elliott that he experienced gender-based discrimination, harassment, retaliation, and constructive discharge during his former employment at Defendants The Procter & Gamble U.S. Business Services Company ("P&G US") and The Procter & Gamble Paper Products Company ("P&G Paper") (collectively, the "P&G Defendants").

In January 2020, one of Plaintiff's co-workers, Defendant James Eftink, learned Plaintiff was homosexual. Eftink shared Plaintiff's sexual orientation with Defendant Brandon Bader, Plaintiff's co-worker, and Defendant Heidi Burnett, Plaintiff's manager. Subsequently, Plaintiff alleges Eftink, Bader, and Burnett (the "Individual Defendants") began to harass Plaintiff, both

[1] The Court draws these facts from Plaintiff's allegations in the Petition, Doc. [5]. In so doing, the Court must liberally construe the complaint in favor of Plaintiff and must grant all reasonable inferences in his favor. *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

verbally and physically, for approximately a year and a half. The harassment caused Plaintiff "medically diagnosable and medically significant" physical and emotional harm, such that Plaintiff was forced to take early retirement for his health. Doc. [5] ¶ 91.

Plaintiff filed a two-count Petition against Defendants. Doc. [5]. Plaintiff brings claims against the P&G Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII") for "[h]arassment, [d]iscrimination, [r]etaliation and [c]onstructive [d]ischarge" (Count I) and against the Individual Defendants under Missouri common law for intentional infliction of emotional distress ("IIED") (Count II). *Id.* In the instant Motion, Defendants seek to dismiss the entire action against them under Federal Rule of Civil Procedure 12(b)(6). Doc. [8].

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a Rule 12(b)(6) motion, the Court assumes all factual allegations in the complaint to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, the Court "need not accept as true a plaintiff's conclusory allegations or legal

conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III. DISCUSSION

### 1. Exhaustion of Administrative Remedies

Defendants argue Plaintiff's Title VII claims against P&G US should be dismissed because Plaintiff failed to exhaust his administrative remedies when Plaintiff failed to name P&G US in the charge of discrimination ("Charge") he filed with the Equal Employment Opportunity Commission ("EEOC"). There is no dispute that Plaintiff named only P&G Paper in the Charge.

A plaintiff must file a Charge against a party with the EEOC before he or she can sue that party for discrimination under Title VII. *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). The Court of Appeals for the Eighth Circuit, however, recognizes two exceptions to this general rule that allow a party to proceed in a Title VII claim against a party not named in the EEOC Charge. *Id.*; *see also Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985); *Mann v. Missouri Home Therapy, LLC*, 4:18-cv-1046-NCC, 2019 WL 2357352, at *4 (E.D. Mo. June 4, 2019) (discussing the two exceptions recognized by the Eighth Circuit to the exhaustion requirement). Plaintiff argues neither exception here. Instead, Plaintiff argues exhaustion is satisfied because the "relation back doctrine" from Federal Rule of Civil Procedure 15(c) "by extension" can be applied to Title VII's administrative exhaustion requirement. Doc. [12] at 8. Plaintiff provides no support for this proposition, other than that both legal concepts deal with notice. Because Plaintiff failed to name P&G US in his Charge or show that one of the two exceptions to that rule apply here, the Court dismisses Count I against P&G US for failure to exhaust administrative remedies.

2. **Preemption of IIED**

Defendants argue the Missouri Human Rights Act ("MHRA") and Missouri Workers' Compensation Law ("MWCL") preempt Plaintiff's IIED claim against the Individual Defendants. The Court does not agree. Defendants cited to no Missouri case holding the MHRA preempts common law claims for personal injuries against *co-employees*, and the Court has found none.[2] "In fact, district courts recently observed that no Missouri cases exist that hold tort claims against a *co-employee* for personal injuries are preempted by the MHRA." *Joyner v. HZ OPS Holdings, Inc.*, 4:22-cv-1032-MTS, 2022 WL 17583151, at *2 (E.D. Mo. Dec. 12, 2022) (collecting cases).

Nor, at this stage in the litigation, does the Court find the MWCL preempts Plaintiff's IIED claim. *See Brock v. Dunne*, 637 S.W.3d 22 (Mo. banc 2021) (explaining a co-employee does not enjoy immunity under the MCWL when he or she "purposefully caused or increased the risk of injury"); *see also Palermo v. Tension Envelope Corp.*, 959 S.W.2d 825, 829 (Mo. Ct. App. 1997) ("If an employee alleges emotional distress resulting from discriminatory treatment or discharge by his or her employer, however, as opposed to arising out of the course of employment, the workers' compensation laws do not apply.").

3. **Title VII Claims (Count I)**

Defendants argue Count I fails to state a claim against the P&G Defendants because Plaintiff has not alleged sufficient facts to state plausible Title VII claims. In just two pages, Defendants make generalized arguments to conclude all of Plaintiff's Title VII claims fail. This

---

[2] Notably, following the 2017 amendments to the MHRA, "individuals can no longer be sued for unlawful employment practices" under the MHRA. *Loomis v. Bowers*, 645 S.W.3d 633, 639 (Mo. Ct. App. 2022); *Wiedner v. Ferrellgas, Inc.*, 607 S.W.3d 231, 239 (Mo. Ct. App. 2020). In 2017, the MHRA was expressly amended to *exclude* individuals from the definition of "employer," which is against whom claims for unlawful employment practices under the MHRA may be brought. Mo. Rev. Stat. § 213.010 ("'Employer' shall not include: . . . (c) An individual employed by an employer."); *see id.* § 213.055; *id.* § 213.070. "[W]hen the [Missouri] General Assembly intends to eliminate individual liability for an unlawful discriminatory practice, it does so plainly, not cryptically." *Loomis*, 645 S.W.3d at 639.

hodgepodge argument is understandable though, given that Plaintiff's Count I is for "Harassment, Discrimination, Retaliation and Constructive Termination."[3] Doc. [5] at 12. Plaintiff improperly pleaded at least four claims into one single count. Each one of these Title VII claims is a distinct cause of action. Each one of these claims contain different elements. *Compare, e.g.*, Eighth Circuit Manual of Model Jury Instructions (Civil) § 5.40 (2022), *with id.* at § 8.42, *and with id.* at 10.40. Therefore, the Court will provide Plaintiff twenty-one (21) days to file an Amended Complaint addressing the Petition's issues that the Court has noted with respect to Plaintiff's Title VII claims against P&G Paper.

4. **IIED Claim (Count II)**

Defendants argue Count II fails to state a claim against the Individual Defendants because Plaintiff failed to plead conduct that is "extreme and outrageous." To state a claim for IIED under Missouri law, "a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Bailey v. Bayer CropScience LP*, 563 F.3d 302, 310 (8th Cir. 2009) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997). "Extreme and outrageous" conduct "does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." *Viehweg v. Vic Tanny Intern. of Mo., Inc.*, 732 S.W.2d 212, 213 (Mo. Ct. App. 1987) (quoting *Pretsky v. Sw. Bell Telephone Co.*, 396 S.W.2d 566, 569 (Mo. 1965)); *Gillis v. Principia Corp.*, 832 F.3d 865, 875 (8th Cir. 2016). Unlike Defendants' portrayal of the Complaint, Plaintiff alleged conduct that went beyond "mere insults" and "solely for the purpose of subjecting plaintiff to extreme emotional distress." *See, e.g.*, Doc. [5] at ¶¶ 53–57, 90. But, based on the pleadings, the Court is not

[3] Even more confusing, is where Defendants specifically argue Plaintiff failed to allege "facts to overcome the 'demanding' hostile work environment standard," Doc. [9] at 8, but Plaintiff does not specifically allege a claim for "hostile work environment" in Count I, Doc. [5] at 12.

convinced that all Individual Defendants engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Polk v. INROADS/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). Casting even more doubt on the sufficiency of the pleadings, Plaintiff failed to delineate individual allegations against each Individual Defendant. *See* Doc. [5] at ¶¶ 81–88. Therefore, the Court will provide Plaintiff twenty-one (21) days to file an Amended Complaint addressing the Petition's issues that the Court has noted with respect to Count II.

**CONCLUSION**

The Court dismisses Count I against P&G US for failure to exhaust administrative remedies. The Court denies Defendants' Motion to Dismiss Count I without prejudice and allows Plaintiff twenty-one (21) days to file an Amended Complaint against P&G Paper. Similarly, the Court denies Defendants' Motion to Dismiss Count II without prejudice and allows Plaintiff twenty-one (21) days to file an Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [8], is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint, consistent with this Memorandum and Order, by **April 17, 2023**. Defendants shall have the usual time to file any required response to the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3).

Dated this 27th of March, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE